Antonio Sanquírico, Plaintiff and Appellee, *v.* Luis de la Cruz, Defendant and Appellant.

No. 4420. Argued January 30, 1929.—Decided November 22, 1929.

*Angel A. Vázquez,* for appellant. *E. Campos del Toro,* for appellee.

Mr. Justice Texidor delivered the opinion of the court.

In the month of November, 1926, Luis de la Cruz requested Antonio Sanquírico to draw the plans and to prepare specifications and estimates for two reinforced concrete buildings to be erected on the new highway ("Carretera Nueva") and Rosario street in Santurce within the Municipality of San Juan, P. R. The estimated cost of these buildings was to be

$16,041 each. Sanquírico did the work, which he values at $500 for each set of plans and $200 for the specifications and estimates. In the middle of December, 1926, he delivered the plans, specifications and estimates to de la Cruz who found them satisfactory, but refused to pay their value and has not paid the same either totally or in part. On these facts Sanquírico based the action which he brought against de la Cruz in the District Court of San Juan.

De la Cruz answered the complaint after demurring thereto for want of facts sufficient to constitute a cause of action. He denied that plaintiff is a civil engineer as alleged, and averred that Sanquírico is an employee of the Department of the Interior of Porto Rico whose duties consist in the making of plans and estimates for public works; he also denied having requested or authorized plaintiff to do the work alleged by him and averred that the plaintiff, asserting to be an employee of the Department of the Interior and that during his working hours he attended in his office to the preparation of plans and estimates, offered his services to the defendant for the making of the plans and estimates for the buildings mentioned in the complaint, in the expectation that the defendant would reward him somehow, and that the plaintiff did the work during office hours and with materials from the Department; that the defendant received from the plaintiff the plans, estimates and specifications, but that this was a voluntary act performed with the understanding that the plaintiff would be rewarded by the defendant if the latter liked the work. He further alleged that the services are not worth $700 and that the defendant has always been willing to pay $50 therefor, which is their real value.

The case was tried and at the conclusion of the evidence the defendant moved for a nonsuit and rested his case. The court rendered judgment against the defendant, who was adjudged to pay to the plaintiff $400.02, with costs and disbursements. A statement of the case and opinion is attached to the judgment.

In the answer we find a great insistence in pointing out that the plaintiff was an employee of the Department of the Interior and that he prepared the plans, specifications and estimates during office hours and with materials from his office. Although these allegations have not been proved, we think it is a poor defense, which has all the earmarks of a charge against the plaintiff. If the defendant was aware of this, he ought not to have accepted the work, since to his mind the manner of doing it was objectionable; and if he was certain that plaintiff had defaulted in his duties to The People of Porto Rico the defendant could and should have resorted to the appropriate officials and to the procedure for such cases provided. Before the court, such defense was neither good nor admissible.

It was clearly shown by the evidence that plaintiff held no diploma as civil engineer; also that he was an employee of the Department of the Interior acting as assistant civil engineer, and that for many years he has been working as civil engineer in Porto Rico and showing proficiency in such work.

The true situation in Porto Rico regarding the practice of engineering was thus: On February 15, 1900, it was provided by General Order No. 24 that—

"All restrictions upon the practice of the professions of architecture and civil engineering are hereby removed from the provisions of existing law, and no examinations, licenses, or system of registration shall hereafter be required for the practice of these vocations. . . . . ."

So that no university or college diploma was required at that time for the practice of these professions.

In 1927 the Legislature of Porto Rico passed Act No. 31, which regulates the practice of the profession of engineering and authorizes the issuance of licenses to persons who hold an academic diploma or who have practiced for three or more years prior to the approval of the act. Section 9 thereof reads as follows:

"At any time within the six months following the date on which this Act takes effect, the board shall issue a license to practice engineering, architecture or surveying to any person who, having paid the fees hereinafter specified:

"(a) Has finished the course in engineering, architecture or surveying in some school or university; or

"(b) Has practiced the profession of engineering, architecture or surveying for a period of not less than three years, prior to the date of approval of this act.

"Unless evidence to the contrary exists, the board shall accept the sworn statement in the application as satisfactory evidence that the applicant has practiced the profession of engineering, architecture or surveying for a period of three years."

, The above act was approved by the Governor on April 26, 1927, and became effective ninety days after its approval. The judgment appealed from herein is dated June 30, 1927.

It is clear that any person who, being aware that plaintiff lacked a university or academic diploma, availed himself of the latter's services as a civil engineer, can not rely as a defense upon the lack of such diploma or upon defendant's willful ignorance of the provisions of the above quoted General or Military Order.

The only error assigned by appellant does not require a lengthy discussion. There was sufficient evidence on which to base the judgment rendered. The document introduced purporting to be a letter from defendant to plaintiff and reading thus—

"My dear Sanquírico:

As a pretty big sum is involved and not being able to have the work done at present, you will have to leave this for the present, as I can do nothing now. Yours truly, L.L.C.,"

is very significant.

In view of the foregoing and of all the documentary and oral evidence introduced, the judgment, to be a just one, could be no other than that rendered herein by the district court.

The judgment appealed from must be affirmed.